**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **YEHOWSHUA I. TURNER,** **Individually and as Natural Guardian of** **Minor T.T.,** | ) ) ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | )     CIVIL ACTION NO. 5:24-cv-133 (MTT) |
| | ) |
| **UNITED STATES OF AMERICA, and** **UNITED STATES SECRET SERVICE,** | ) ) ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## ORDER

Plaintiff Yehowshua I. Turner filed this pro se action, on behalf of himself and as natural guardian of minor T.T., against the United States and United States Secret Service.  Docs. 1; 4.  Turner also moves for leave to proceed to proceed *in forma pauperis* ("IFP") in this action.  Doc. 2.  As discussed below, Turner satisfies the requirements of poverty, and that motion is **GRANTED**.  Along with granting Turner IFP status, the Court must also screen his complaint pursuant to 28 U.S.C. § 1915(e).  After screening, the Court concludes that Turner's complaint is deficient.  Thus, Turner is **ORDERED** to amend his complaint no later than **Monday, June 3, 2024**.

### I.  DISCUSSION

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court … is whether the statements in the affidavit satisfy the requirement of poverty."  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).  Where a Plaintiff demonstrates economic eligibility to file IFP,

the court should docket the case and then "proceed to the question ... of whether the asserted claim is frivolous." *Id*.

## A. Financial Status

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a). Section 1915(a) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a). To show poverty, the plaintiff need not show that she is "absolutely destitute." *Martinez*, 364 F.3d at 1307 (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338-40 (1948)). Instead, the affidavit must demonstrate that the plaintiff, "because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [herself] and [her] dependents." *Martinez*, 364 F.3d at 1307. However, this statute "should not be a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997); *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014). Section 1915(a) "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack*, 2014 WL 3845777, at *1 (citing *Startti v. United States*, 415 F.2d 1115 (5th Cir.1969)).[2] The district court is given wide discretion to decide IFP cases and

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez*, 364 F.3d at 1306 n.1.

[2] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

should "grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306.

Turner's financial affidavit states he is unemployed and receives an average monthly income of $943.00. Doc. 2 at 1-2. He avers that his monthly expenses for rent, utilities, food, medical, and transportation amount to $917.50. *Id*. at 4-5. Assuming Turner's son is part of his household, Turner's annual income of $11,316.00 falls below the federal poverty guideline for a household of two, which is $20,440.00.[3] Accordingly, having read and considered Turner's financial affidavit, the Court finds that Turner is unable to pay the costs and fees associated with this lawsuit, and his motion to proceed IFP (Doc. 2) is **GRANTED**.

## B. Frivolity Review

Because Turner is pro se and proceeding IFP, the Court must review and dismiss his complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a

---

[3] The federal poverty guidelines can be found at https://aspe.hhs.gov/poverty-guidelines. *See also Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014) (noting that an annual income exceeding the poverty guideline is an "insufficient" reason to deny an IFP motion and that the court must compare the applicant's assets and liabilities to determine whether the poverty requirement had been satisfied).

dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[4]  *Thomas v. Harris*, 399
F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th
Cir. 1997)).  Nevertheless, Turner is afforded some leeway because a pro se litigant's
pleadings "are held to a less stringent standard than pleadings drafted by attorneys and
will, therefore, be liberally construed."  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir.
2008).  But "[d]espite the leniency afforded pro se plaintiffs, the district court does not
have license to rewrite a deficient pleading."  *Osahar v. U.S. Postal Serv.*, 297 F. App'x
863, 864 (11th Cir. 2008)).

Turner alleges that he was experimented on by the United States using biological
agents causing changes to his skin and other health problems.[5]  Doc. 1 at 4-5.  Turner
cites 28 U.S.C. § 1332 as the basis for this Court's subject matter jurisdiction, claiming
the United States is incorporated under the laws of all fifty states, and claims relief
under 50 U.S.C. § 1520a, 18 U.S.C. § 2340A, and 28 U.S.C. § 5001.  *Id.* at 4, 7.  Turner
also submitted several video and audio recordings as well as screenshots of various
text messages he purportedly sent to the local sheriff claiming to be with the United
States Secret Service.  *See* Docs. 3; 3-1.  Turner's allegations are otherwise conclusory
at best, and incomprehensible at worst.  Moreover, it is unclear what specific conduct by

---

[4] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain
specific factual matter to "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S.
662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  On a motion to dismiss,
"all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the
light most favorable to the plaintiff.*"  In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4
(11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

[5] Turner attaches a string of exhibits to his complaint including email correspondence between himself
and a representative of the U.S. Department of Health and Human Services related to an alleged assault
at the White House on March 16, 2019.  *See* Docs. 1-4 at 1; 1-5 at 1; 1-6.  How these correspondence
relate to Turner's claims is unclear to the Court, and Turner does not attempt to elaborate.

whom that Turner contends was unlawful, why that conduct was unlawful, and how Turner was injured as a result of that allegedly unlawful conduct.

Given Turner's pro se status, however, the Court will afford him an opportunity to amend his complaint to state viable claims. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it."). The Court will not look back to the facts alleged in the original complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B). *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

In the "statement of claims" section of his amended complaint, Turner must link any claims he makes to the named defendant. If Turner fails to link a named defendant to a claim, the claim will be dismissed; if Turner makes no allegations in the body of his complaint against a named defendant, that defendant will be dismissed. Turner must provide enough facts to plausibly demonstrate that the defendant's actions or omissions resulted in the violation of his rights under a specific law. In sum, Turner shall state with regard to each defendant:

(1) What did the defendant do (or not do) to violate his rights?

(2) When did each action occur?

(3) How was Turner injured as a result of the defendant's actions?

## II. CONCLUSION

Pursuant to 28 U.S.C. § 1915 and for the reasons set forth above, Turner's motion to proceed IFP (Doc. 2) is **GRANTED**.  Turner is **ORDERED** to amend his complaint no later than **Monday, June 3, 2024**.  Turner's failure to fully and timely comply with this order may result in the dismissal of this action.

**SO ORDERED**, this 13th day of May, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT