IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| YEHOWSHUA I. TURNER, )<br>Individually and as Natural Guardian of )<br>Minor T.T., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, and )<br>UNITED STATES SECRET SERVICE, )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 5:24-cv-133 (MTT) |

## ORDER

Plaintiff Yehowshua I. Turner filed this pro se action, on behalf of himself and as natural guardian of minor T.T., against the United States and United States Secret Service. Docs. 1; 4. The Court granted Turner's motion for leave to proceed *in forma pauperis* ("IFP") and thus was required to screen his complaint pursuant to 28 U.S.C. § 1915(e). Docs. 2; 5. Because the Court concluded the complaint was deficient, Turner was ordered to amend and recast his complaint. Doc. 5. Turner timely filed an amended complaint (Docs. 8; 10; 12; 13),[1] and the Court now screens his recast complaint pursuant to 28 U.S.C. § 1915(e). Because Turner fails to state a plausible claim for relief, it is hereby **ORDERED** that his complaint be **DISMISSED** without prejudice.

---

[1] Since the Court ordered Turner to recast his complaint, he has filed seven documents, including one with over 20 exhibits, purporting to amend or supplement his complaint and/or request additional forms of relief. *See* Docs. 7 through 13. None of these documents alone or taken together plausibly state a claim for relief. Accordingly, Turner's motion for supplemental relief (Doc. 11), requesting $900 decillion be applied to his and his son's accounts every 9 months, among other things, is hereby **DENIED**.

## I.  DISCUSSION

Because Turner is pro se and proceeding IFP, the Court must review and dismiss his complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'"  *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).  "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[2]  *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).  Nevertheless, Turner is afforded some leeway because a pro se litigant's pleadings "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).  But "[d]espite the leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient pleading."  *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008)).

In this case, Turner seeks relief under 50 U.S.C. § 1520a, 18 U.S.C. § 2340A, 18 U.S.C. § 245, 42 U.S.C. § 1981, and 28 U.S.C. § 5001 in addition to other constitutional

---

[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff*." In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

and statutory provisions.  Doc. 8; 10 at 2.  Of course, criminal statutes such as 18 U.S.C. § 245 provide no civil cause of action or civil remedy.  *Smith v. Mut. Sav. Life Ins.*, 2014 WL 2991091, at *2 (N.D. Fla. July 2, 2014) (collecting cases).  As for the civil statutes and constitutional grounds Turner cites, he requests a "new 2024 Bentley Continental GT Speed Convertible with Navigations & AWD that seats 4" and "unlimited funds/infinitive dollars," among other things.  Doc. 12 at 2.  Turner also requests that his criminal record be cleared and that he be given "a badge with law enforcement in the future."  Doc. 11 at 1.

In support of his requests, Turner alleges that he was experimented on by the United States since 1992 using biological agents causing changes to his skin and other health problems.  Docs. 8; 13 at 1.  Turner also cites Georgia's Wrongful Death Statute, O.C.G.A. § 51-4-2, claiming the United States illegally conducted a "remote torturing biological/chemical agent" experiment on his father from "the 1960's-70's." Doc. 12 at 1.  Next, Turner asserts claims under the First Amendment for violations of his religious liberties but he does not allege any facts in support of these claims.  Doc. 8 at 2.  Finally, Turner attaches numerous exhibits to various filings ranging from audio recordings with an alleged secret service agent, Google search results, screenshots of text messages in which Turner claims to be a secret service agent, and medical records documenting high blood pressure and an upcoming eye appointment among other things.  *See* Docs. 8 at 6; 8-9; 8-14; 12-1; 13-1 at 10-16.  Although many of these exhibits were filed with Turner's original complaint, Turner relies on these exhibits in his subsequent filings.  *See* Docs. 8; 10.  One exhibit, for instance, is an email correspondence between Turner and a representative of the U.S. Department of Health

and Human Services regarding an alleged assault that occurred at the White House on March 16, 2019. See Docs. 1-4 at 1; 1-5 at 1; 1-6; 8 at 4-5. But as stated in the Court's first screening order, how these communications relate to Turner's claims is unclear and he again does not attempt to explain.

Based on these allegations, Turner claims he has been harmed in various ways, but it is unclear what specific conduct by whom that Turner contends was unlawful, why that conduct was unlawful, and how Turner was injured as a result of that allegedly unlawful conduct. See Docs. 8 at 3; 10 at 3; 12. Turner's allegations are otherwise conclusory at best, and incomprehensible at worst. Accordingly, the Court finds that the recast complaint fails to plausibly state a claim for relief against the named defendants and Turner's complaint is therefore deficient.

For these reasons, Turner's complaint should be dismissed.

## II. CONCLUSION

Because Turner fails to state a plausible claim for relief, it is hereby **ORDERED** that his complaint be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915. The Court further certifies an appeal would not be taken in good faith because there are no non-frivolous issues to raise on appeal. See 28 U.S.C. § 1915(a)(3).

**SO ORDERED**, this 21st day of June, 2024.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT